OPINION *Page 2 
{¶ 1} The Delaware County Child Support Enforcement Agency appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio, which granted appellee Jill Gounaris and George Gounaris a divorce, allocated their parental rights and responsibilities, set child and spousal support, and divided the marital assets. George Gounaris has not joined in this appeal. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ARBITRARILY ORDERING THE ENFORCEMENT BY A CHILD SUPPORT ENFORCEMENT AGENCY OF AN ORDER TO COLLECT A SUM FROM DIVISION OF MARITAL PROPERTY AND DEBT THAT IS NOT A SUPPORT ORDER."
 {¶ 3} On September 17, 2007, the trial court entered the judgment and decree of divorce. Inter alia, the court found George Gounaris should reimburse Jill Gounaris for certain various items and expenditures, and ordered a total of $54,498.80 be paid to Jill Gounaris at the rate of $500.00 per month through wage assignment, in addition to an order for child support in the amount of $984.42 per month.
 {¶ 4} Appellant argues the court did not specifically designate the reimbursement as spousal support and it has no authority to collect money deriving from a division of marital property and debt.
 {¶ 5} We agree R.C. 3125.03 lists appellant's duties as "the location of absent parents, establishment of parentage, establishment and modification of child support orders and medical support orders, enforcement of support orders, collection of support obligations, and any other actions appropriate to child support enforcement." *Page 3 
 {¶ 6} R.C. 3105.18 provides:
 {¶ 7} "(A) As used in this section, "spousal support" means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse. `Spousal support' does not include any payment made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code.
 {¶ 8} * * *
 {¶ 9} "An award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court considers equitable."
 {¶ 10} The $54,498.80 includes back child support, guardian ad litem and attorney fees, and court costs, but also reimburses Jill Gounaris for certain debts she paid. Pursuant to statute, the court could arguably have intended some portion of the reimbursement award be considered spousal support rather than property division. Some of the attorney fees, guardian ad litem fees, and court costs may be attributable to the divorce action and some to the spousal and child support. Because the trial court did not analyze the award in these terms, we cannot determine how much of the $500 per month appellant may properly collect. We find the matter must be remanded to the trial court to make a more specific finding in this regard and correct the amount appellant is to collect.
 {¶ 11} The assignment of error is sustained. *Page 4 
 {¶ 12} For the foregoing reasons the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and vacated as to the order to withhold $500 per month. The cause is remanded to the court for clarification of this amount.
Gwin, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and vacated as to the order to withhold $500 per month. The cause is remanded to the court for clarification of this amount. Costs to be split between appellant and appellee Jill Gounaris. *Page 1